**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 28 MILE VODKA COMPANY, LLC | ) | |
| an Illinois limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| HOPMANIACS, LLC an Illinois | ) | Hon. Magistrate Judge: |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

NOW COMES Plaintiff, 28 MILE VODKA COMPANY, LLC ("Plaintiff"), by and

through its attorneys and for its Complaint for Declaratory Relief against HOPMANIACS, LLC

("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action arising under 28 U.S.C § 2201, the Declaratory Judgment Act and

15 U.S.C. §1051 et seq., the Lanham Act, seeking a declaratory judgment of the non-infringement

of Defendant's purported United States Trademark No. 5,787,971, "Toughtown" **Exhibit A**

("Defendant's Mark"),  and  also the enforceability of Plaintiff's intellectual property rights in

United States Trademark application serial number 88900088, "Tough Town".  **Exhibit B**,

(Plaintiff's Mark").

2.      Specifically, Defendant claims that Plaintiff's use and registration of Plaintiff's

Mark, "Tough Town" is infringing on Defendant's Mark.  Plaintiff asserts that it is not infringing

on Defendant's Mark.

## THE PARTIES

3.      Plaintiff is an Illinois limited liability company organized and existing under the laws of the State of Illinois and has a principal place of business at 454 Sheridan Road, Highwood Illinois.

4.      Plaintiff manufactures and sells antibacterial alcohol skin sanitizer under the trade name Tough Town. On May 4, 2020, Plaintiff submitted a trademark application for the mark Tough Town to the U.S. Patent and Trademark Office (USPTO) under serial number 88900088.

5.      Defendant is an Illinois limited liability company organized and existing under the laws of the State of Illinois and has a principal place of business at 688 Buena Road, Lake Forest, Illinois.   Upon information and belief, Defendant sells hand crafted "IPA" beer.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Federal Question jurisdiction and based on 28 U.S.C. §1338(a), "Patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition."

7.      In addition to subject matter jurisdiction, this Court has personal jurisdiction over the Defendant because the Defendant's principal place of business is in Lake Forest, Illinois and the Defendant transacts and solicits business in the state of Illinois and in this judicial district.

8.      Since the Defendant resides and transacts business in this judicial district, venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a) through (c).

## FACTS

9.      On or about November 7, 2017 the Plaintiff organized as an Illinois limited liability company.

10.     Plaintiff markets and distills vodka and gin at its Highwood, Illinois facility. Plaintiff does not distribute any beer products.  Contrast that with the Defendant's entire business which only sells and markets beer products.

11.     Indeed, there is no connection between the distilling of spirits, like gin or vodka, to brewing beer.  In distilling spirits, Plaintiff is required to have a "DSP" license, distilled spirits plant license. The DSP license is what enables Plaintiff to manufacture and sell its hand sanitizer which contains large volumes of alcohol.

12.     Upon information and belief, Defendant does not possess a DSP license. Given this fact, there is no natural extension of the brewing of beer and distilling of spirits.

13.     The City of Highwood is a small city in the northern suburbs of Chicago located in Lake County, Illinois.

14.     Like the City of Chicago's nick name, "Windy City", the City of Highwood also has been given a historic nick name, Tough Town.  The name Tough Town was given to the City of Highwood by our nation's 26th President, Theodore Roosevelt.

15.     Recently, as a result of the COVID-19 pandemic ("Pandemic"), Plaintiff's core business was deeply impacted economically.

16.     Plaintiff began investigating other sources of revenue and determined that Plaintiff could make and potentially distribute consumer hand sanitizer that would help with the lack of this particular product during the Pandemic.

17.     At first, Plaintiff focused on what it could do to help with the Pandemic in a charitable manner. Just prior to April 30, 2020, Plaintiff decided to donate 12,000 bottles of its hand sanitizer, branded as "Tough Town" to the Chicago Police Department in an effort to keep Chicago Police Officers safer from the Pandemic.  A copy of a photo of the bottles Plaintiff used

to package the hand sanitizer for donation to the Chicago Police Department is attached as **Exhibit C**.

18.     The goal was to ensure that each Chicago Police Officer had at least one bottle of Plaintiff's hand sanitizer.  The approximate value of the donation made by Plaintiff was $90,000.00.

19.     The donation program received such great accolades relating to the hand sanitizer product that Plaintiff developed plans to sell, for profit, its hand sanitizer under the trade name Tough Town.  As such, on May 4, 2020, Plaintiff made application with the USPTO and filed application serial number 88900088.

20.     In early May 2020, Plaintiff slightly modified the label on its bottle and commenced selling its hand sanitizer, for profit. A copy of a photo of the bottles Plaintiff used to package the hand sanitizer for sale to consumers is attached as **Exhibit D**.

21.     On or about May 27, 2020 Plaintiff received a phone call from the purported owner of Defendant's Mark. Defendant's agent stated that Plaintiff was infringing on the use of Defendant's Mark. This was the first time Plaintiff understood that Defendant had filed for registration of its mark "Toughtown."

22.     Defendant's Mark is registered in international class 32: Beer. Defendant's Mark and label is attached hereto as **Exhibit E.**

23.     In subsequent conversations with the Defendant, Plaintiff told Defendant that it is not infringing Defendant's Mark because Plaintiff's Mark was applied for international classes 003: Alcohol for cleaning purposes and 005 Antibacterial alcohol skin sanitizer.  Plaintiff indicated that therefore, there can be no confusion, for several reasons, one being that only those

over the age of 21 can purchase Defendant's beer products whereby anyone, regardless of age, can purchase Plaintiff's hand sanitizer.

24.     The Plaintiff's Mark and Defendant's Mark are dissimilar in that they convey a completely different commercial impression. (Compare Exhibits D and E). A simple comparison of Plaintiff's label that is used in the sale of its hand sanitizer reveals the extreme differences in the two marks.

25.     Also, the actual products share virtually no relationship to one another. Plaintiff's hand sanitizer product is obviously not consumable and Defendant's beer products are consumable.

26.     Furthermore, based on published reports in 2019, Defendant has produced a mere 1000 barrels of its beer products. Thus, given this limited production, and the fact that Plaintiff and Defendant do not share the same consumers or channels of distribution, the area and manner of concurrent use of the respective marks are virtually non-existent.

27.     Upon information and belief Defendant's Mark is not strong among consumers given its limited distribution, limited production, and lack of market share, especially for its beer utilizing Defendant's Mark, Toughtown.

28.     Plaintiff is not aware of any instance of actual confusion between Defendant's Mark and Plaintiff's Mark, or between Defendant and Plaintiff; is not aware of any instances of misdirected mail, emails, phone calls or oral statements, indicating any affiliation or sponsorship between Defendant and Plaintiff.

29.     Finally, Plaintiff is not attempting to palm off its hand sanitizer as Defendant's beer product.

30.     As such, Plaintiff is not infringing on Defendant's Mark.

31. Notwithstanding the foregoing, on May 30, 2020, Defendant wrote to Plaintiff claiming Plaintiff was infringing Defendant's Mark ("Correspondence"). **Exhibit F**.

32. In its Correspondence, Defendant threatened Plaintiff with claims for violation of the Lanham Act, § 32(1); 15 U.S.C. § 1114(1) for infringement and 43(a); 15 U.S.C. § 1125(a) for false designation. In addition, defendant threatened Plaintiff with significant damages.

## EXISTENCE OF AN ACTUAL CONTROVERSY

33. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

34. As set forth herein, Defendant claims that Plaintiff is infringing Defendant's Mark. Plaintiff has denied that assertion.

35. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's Mark, as applied for and as used in commerce, infringes Defendant's Mark.

36. Absent a declaration by this Court of non-infringement, Defendant will continue to wrongfully allege that Plaintiff's Mark, as applied for and used in commerce, infringes Defendants' Mark as more fully set forth in Defendant's Correspondence. Exhibit F.

## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

37. Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

39.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding Plaintiff's products and Plaintiff's Mark as applied for.

40.     Plaintiff is entitled to a declaratory judgment that Plaintiff has not infringed and does not infringe, either directly or indirectly, on any valid and enforceable claims of the Defendant's Mark.

**WHEREFORE,** Plaintiff, 28 MILE VODKA COMPANY, LLC, prays for judgment against the Defendant, HOPMANIACS, LLC, as follows:

a.      Adjudging that Plaintiff has not infringed on Defendant's Mark;

b.      Adjudging that each of Defendant's claims relating to Plaintiff's Mark is invalid;

c.      A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any claims of  Defendant's Mark or from instituting or initiating any action or proceeding alleging infringement of any claims of the Defendant's Mark against Plaintiff or any customers, manufacturers, users, importers, or sellers of Plaintiff's products;

d.      That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

e.      Awarding such other and further relief as this Court deems just and proper.

### TRIAL BY JURY DEMANDED

By:   /s/ Elliot S. Wiczer
One of Its Attorneys

Elliot Wiczer
*ewiczer@wsjlawfirm.com*
Brian S. Feldman
*bfeldman@wsjlawfirm.com*
WICZER SHELDON & JACOBS, LLC
500 Skokie Blvd. Suite 325
Northbrook, IL 60062
847-849-4850